IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR RATIONAL SEXUAL OFFENSE LAWS, NC RSOL, JOHN DOE 1 AND JOHN DOE 2, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) 1:17cv53 |
| ATTORNEY GENERAL JOSHUA STEIN, et al., | )<br>) |
| Defendants. | ) |

**ORDER**

On January 23, 2017, the National Association for Rational Sexual Offense Laws, NC RSOL, and John Does #'s 1 and 2 (collectively, "Plaintiffs"), initiated this action, pursuant to 42 U.S.C. § 1983, challenging the constitutionality of North Carolina's sex offender registry law, N.C. Gen. Stat. § 14-208.5 *et seq.*, and alleging defamation under North Carolina state law. (ECF No. 1.) Before the Court is Plaintiffs' Motion to Proceed Under Fictitious Names. (ECF No. 2.) For the reasons discussed below, the Court will grant Plaintiffs' motion.

According to the Complaint, the corporate Plaintiffs, National Association for Rational Sexual Offense Laws and NC RSOL, are non-profit advocacy groups, organized under the laws of North Carolina, each of which "have and represent members subject to North Carolina's [sex offender] registry law." (ECF No. 1 ¶¶ 10, 59, 77.) The individual Plaintiffs, John Doe 1 and John Doe 2, are North Carolina residents who are required to register as sex offenders under state law. (*See id.* ¶¶ 7, 94, 102.) Plaintiffs' Complaint alleges, among other

things, that North Carolina's sex offender registry law: (i) contains specific amendments that violate the *ex post facto* clause of the United States Constitution, (*id.* ¶¶ 600–603); (ii) contains various provisions that are overbroad and that present an unconstitutional burden on Plaintiffs' First Amendment rights, (*id.* ¶¶ 604–607); (iii) contains a specific provision, N.C. Gen. Stat. § 14-208.18(a)(3), that is unconstitutionally vague, (*id.* ¶¶ 608–610); (iv) contains provisions that burden Plaintiffs' fundamental liberties, (*id.* ¶¶ 611–625); and (v) contains various provisions that deprive registrants of fundamental liberties without due process of law, (*id.* ¶¶ 626–644).

In support of the instant motion, Plaintiffs argue that there is good cause for the Court to allow this action to proceed under fictitious plaintiff names. (*See* ECF No. 3.) In considering Plaintiffs' request, the Court begins with the "general presumption of openness of judicial proceedings." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see* Fed. R. Civ. P 10(a) (providing that a complaint "must name all the parties"). However, there are occasions in which the concerns of a party seeking anonymity overcome the general presumption of open trials. *See Jacobson*, 6 F.3d at 242 ("Federal courts traditionally have recognized that in some cases the general presumption of open trials–including identification of parties and witnesses by their real names–should yield in deference to sufficiently pressing needs for party or witness anonymity."). Whether or not to allow a party to proceed under a fictitious name is a discretionary determination made by the district court. *Id.* at 238.

The Fourth Circuit has enumerated a non-exhaustive list of factors for district courts to consider in evaluating a request for a party to proceed under a pseudonym:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend

> any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and,
>
> [5] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.*; *see Doe v. Pittsylvania Cty., Va.,* 844 F. Supp. 2d 724, 728 (W.D. Va. 2012) (stating that the *Jacobson* factors are not exhaustive).

In considering the *Jacobson* factors, this Court finds that they weigh in favor of granting Plaintiffs' motion. First, Plaintiffs have alleged that the statute at issue interferes impermissibly with a variety of rights guaranteed by the First Amendment. (*See* ECF No. 1 ¶¶ 604–607.) Rights of this nature are traditionally considered "sensitive and highly personal" privacy interests. *See, e.g., Pittsylvania Cty.*, 844 F. Supp. 2d at 729 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("[R]eligion is a 'quintessentially private matter.'"). Second, Plaintiffs bring this action against governmental parties, which weighs in favor of anonymity. *See id.* at 730 (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (explaining that "[c]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid"). Third, this anonymity request presents very little risk of unfairness to the Defendants. Under the terms of Plaintiffs' proposed protective order, which

Defendants do not oppose, Defendants will have access to Plaintiffs' identities for purposes of pursuing this litigation.  In addition, Defendants do not identify any harm they will suffer if the Court grants Plaintiffs' motion, nor do they oppose the motion.[1]

When balancing the above circumstances against those that weigh against granting Plaintiffs' motion (namely, Plaintiffs' ages and the fact that their identities are already public, insofar as they are available on North Carolina's sex offender registry), the Court finds that the *Jacobson* factors, as a whole, counsel in favor of granting Plaintiffs' motion.  Accordingly, for good cause shown, Plaintiffs' motion will be granted.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Proceed Under Fictitious Names, (ECF No. 2), is GRANTED.

IT IS FURTHER ORDERED that:

1. All documents filed with the Court which contain the names of Plaintiffs or information which identifies Plaintiffs, including members of the corporate Plaintiffs, or their family members, directly or indirectly, shall be filed under seal. In all publicly filed documents, Plaintiffs shall be identified only by their pseudonyms.

2. If requested to do so, Plaintiffs' counsel shall disclose the names of Plaintiffs and/or other persons covered by this Order to counsel for Defendants.

---

[1] Defendants state, in their response brief, that they do not oppose Plaintiffs' motion, "provided the Defendants' [sic] are provided personal identifying information sufficient to allow appropriate discovery as may be necessary, and that the Court enter an order not inconsistent with Plaintiff's proposed Protective Order." (ECF No. 20 at 2–3.)  Defendants do, however, state that they "object to Plaintiffs' use of nameless affiants" in support of Plaintiffs' response to Defendants' motion to dismiss.  (*Id.* at 2.)

3. Defense counsel may disclose the identities of Plaintiffs to the named Defendants, their employees, and experts retained in this case, but only to the minimum extent necessary to litigate this action.

4. Individuals to whom disclosure of Plaintiffs' identities is made shall not further disclose that information to any other person without first obtaining confirmation from Defendants' counsel that such disclosure is necessary to litigate this action.

5. Any person to whom disclosure is made as a result of this litigation shall first read this Order prior to having access to the identities of Plaintiffs. Counsel for Defendants shall ensure that all persons to whom disclosure is made pursuant to paragraphs 2 and 3 are aware of this Order.

6. Under no circumstances shall any person disclose Plaintiffs' names to the media without the consent of counsel for the Plaintiff whose name is to be disclosed.

7. If any specific issues related to non-disclosure of Plaintiffs' identities arise during the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

This, the 7th day of August, 2017.

    /s/ Loretta C. Biggs
United States District Judge

5

Case 1:17-cv-00053-LCB-JLW    Document 22    Filed 08/07/17    Page 5 of 5